**SO ORDERED.**

**SIGNED this 14th day of December, 2006.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| RICHARD WILLIS KING | 05-56485-C |
| *DEBTOR* | CHAPTER 7 |
| JOHN PATRICK LOWE, TRUSTEE | |
| *PLAINTIFF* | |
| V. | ADV. NO. 06-5122-C |
| RICHARD WILLIS KING | |
| *DEFENDANT* | |

### DECISION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE ORDER GRANTING MOTION TO QUASH DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

CAME ON for consideration the foregoing matter. The defendant wishes to set aside this court's order quashing a request for production of documents. The defendant argues that the motion was not well taken, because the discovery was propounded such that a response would have been due within the deadline set out in this court's scheduling order. The plaintiff responds that the

motion to vacate is inappropriate because the defendant failed to timely respond to the underlying motion to quash. The plaintiff argues, in essence, that the defendant is making arguments now that it could have and should have made within ten days of the filing of the motion, per the Local Rules of this court. By failing to do so, it has, says the plaintiff, waived those arguments, which cannot now be urged for the first time under Rule 9023. Alternatively, the plaintiff says that the defendant misunderstands how to compute the response time on a motion for production, under Rule 34 of the Federal Rules of Civil Procedure.

The plaintiff is correct on both counts. First, the motion to vacate is construed as a motion for new trial or to alter or amend order, under Rule 9023 of the Federal Rules of Bankruptcy Procedure. Rule 9023 incorporates Rule 59 of the Federal Rules of Civil Procedure. Rule 59(e) states that a "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." FED. R. CIV. P. 59(e); FED. R. BANKR. P. 9023 (incorporating Rule 59). "Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend." *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). The Seventh Circuit has commented, with regard to such motions, that it is not appropriate to use such motions to present the arguments that should have been timely presented before the court ruled on the matter. *See Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996). The defendant movant here should have, under our Local Rules, responded to the plaintiff's motion to quash within ten days. He failed to do so, and the order was entered granting the motion. The movant only now urges what he should have urged within ten days of the service of the motion. Rule 9023 is not an appropriate vehicle to urge an argument that was not timely raised prior to the entry of the order. *Reese*, 91 F.3d, at 39.

The motion should be denied on its merits as well. To count days under Rule 34(b), the first day to count is the first day following the date of the request. Counting this way, the thirtieth day

is the thirtieth day following the date of the request. The defendant argues that the preposition "within" used in Rule 34(b) ("within 30 days") implies that the last day to respond to discovery must actually be the day *before* the thirtieth day, so that the actual deadline for the plaintiff to respond to his discovery request is November 8, 2006, rather than November 9, 2006.  November 8 is the deadline for completion of discovery, according to the scheduling order.  If the discovery were due by that date, then, says the defendant, the discovery should have been answered, and the motion to quash should have been denied.

    Innovative though the argument may be, the defendant's only citation is to the dictionary. There are no cases that this court could find that adopt this reading of the word "within."  What is more, the more natural reading of the preposition is that it defines a window, inside of which a response is timely, and the boundary of which is set by the *conclusion* of the thirtieth day, rather than its commencement.  If defendant's reading were intended, one would have expected the rule's drafters to have used the preposition "before."

    The thirtieth day, in this case, fell on November 9, 2006, the day after the discovery deadline closed.  The motion to quash was thus well-taken and no error occurred in the court's earlier order granting the motion to quash on grounds that the discovery was untimely.

    The motion to vacate is denied.

# # #