**SO ORDERED.**

**SIGNED this 14th day of December, 2006.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| RICHARD WILLIS KING | 05-56485-C |
| *DEBTOR* | CHAPTER 7 |
| JOHN PATRICK LOWE, TRUSTEE | |
| *PLAINTIFF* | |
| V. | ADV. NO. 06-5122-C |
| RICHARD WILLIS KING | |
| *DEFENDANT* | |

### DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE COUNTERCOMPLAINT

CAME ON for consideration the foregoing matter. Plaintiff seeks to strike a pleading, styled "Countercomplaint," filed by the defendant on November 15, 2006. Defendant responds that he should be permitted to sue the plaintiff in order to vindicate what he believes are infringements of his rights, and to challenge the *bona fides* of the plaintiff in bringing this adversary complaint.

Rule 15 of the Federal Rules of Civil Procedure states that a party may amend his or her

pleading after an answer has been filed only by leave of court (or by the consent of the adverse party), and leave is to be freely given when justice so requires. *See* FED.R.CIV.P. 15(a). In this case, the pleading in question was filed after the discovery deadline, and raises an entirely new cause of action. The pleading is not filed simply to amend an existing pleading to conform to the evidence. It is filed to raise entirely new causes of action for the first time in the case. The pleading, in the nature of a counterclaim, is tantamount to a brand new lawsuit.

The scheduling order set November 8, 2006 as the deadline for completing discovery. The new "countercomplaint" was filed November 15, 2006. The deadline for filing the pre-trial order in this case is December 29, 2006. The defendant never filed a motion for leave to file the amended complaint, and so never gave the court (or the plaintiff) the opportunity to evaluate whether the pleading should have been permitted. As it is, the pleading, amounting to a whole new lawsuit, but filed outside the deadline for conducting discovery, imposes extreme prejudice on the plaintiff, who would be forced to go to trial without the benefit of knowing what factual basis the lawsuit might have. That prejudice confirms that justice requires the pleading not to stand.

The motion to strike is granted.

# # #