**SIGNED this 29th day of December, 2006.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court

**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| RICHARD WILLIS KING | 05-56485-C |
| *DEBTOR* | CHAPTER 7 |
| JOHN PATRICK LOWE, TRUSTEE | |
| *PLAINTIFF* | |
| V. | ADV. NO. 06-5122-C |
| RICHARD WILLIS KING | |
| *DEFENDANT* | |

**DECISION ON MOTION FOR SUMMARY JUDGMENT**

CAME ON for consideration the foregoing matter. The plaintiff trustee filed this complaint seeking revocation of the debtor's discharge pursuant to section 727(d) of title 11. By this motion, the plaintiff now seeks summary judgment. The defendant filed an untimely response to the motion some 26 days after the motion. The response raised various arguments, but offered no summary judgment evidence to raise a material issue of fact.

**Factual Background**

The plaintiff tendered summary judgment evidence in the form of unanswered requests for admission, duly served on the defendant on September 6, 2006 by certified mail, return receipt requested, and signed for by the defendant on September 8, 2006. According to the affidavit of plaintiff, no response of any kind was made to the requests for admission within 30 days of their service. In fact, says the affidavit, the plaintiff trustee had not received a response to any of the plaintiff's discovery as of October 25, 2006, some 48 days after the defendant's receipt of the requests for admission.

The gist of the requests for admission are summarized as follows:

1. The debtor owned real property at 7515 Potranco Road, San Antonio, Texas as of the date of the filing of the petition initiating this bankruptcy case (October 7, 2005).

2. The debtor owned real property at 9355 Valley Hedge, San Antonio, Texas as of the date of the filing of the petition.

3. The debtor owned real property at 16 Greens Whisper, San Antonio, Texas as of the date of the filing of the petition.

4. The debtor owned an interest in Monarch Systems, LLC, a Texas limited liability company, as of the date of the filing of the petition.

5. The debtor owned stock in The Angel of Justice Corporation, a Nevada corporation, as of the date of the filing of the petition.

6. The debtor used the trade name or assumed name Autovision of San Antonio within the six year period prior to the filing of the petition.

7. The debtor was liable on a debt to Emma Cordero Ortega as of the date of the filing of the petition.

8. The debtor was liable on a debt to Falcon International Bank as of the date of the filing of the petition.

9. The discharge of the debtor was obtained through the fraud of the debtor.

10. The trustee did not know of such fraud until after the discharge was granted.

11. The debtor omitted from his bankruptcy schedules the real property at 7515 Potranco Road, San Antonio, Texas, the real property at 9355 Valley Hedge, San Antonio, Texas, the real property at 16 Greens Whisper, San Antonio, Texas, the ownership interest in Monarch Systems, LLC, the ownership interest in The Angel of Justice Corporation.

12. The debtor failed to disclose in his statement of affairs that he was a manager and member of Monarch Systems, LLC, and that he was an officer of The Angel of Justice Corporation, d/b/a Marble Slab Creamery, both within the six years prior to the filing of the petition.

13. The debtor failed to list as a creditor in his schedules Emma Cordero Ortega, who is the beneficiary under a deed of trust securing the debtor's assumption of a debt to Mortgage Banque, Inc., secured by real property known as 7418 Silent Path, San Antonio, Texas.

14. The debtor failed to disclose in his schedules and statement of affairs the trade name or assumed name "Autovision of San Antonio," or the fact that the debtor was an officer, director, partner, or managing executive of the entity operating under that trade name or assumed name, within the six years prior to the filing of the petition.

**Legal Analysis**

**I. Summary Judgment Standard**

Summary judgment is appropriate where the parties' submissions "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. To defeat summary judgment, the non-moving party must go beyond the pleadings and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In ruling on a summary-judgment motion, the court must resolve all ambiguities and draw all inferences from the underlying facts in favor of the non-moving party. *Anderson*, 477 U.S. at 255. If the court identifies a material factual dispute, the court must deny the motion for summary judgment and proceed to trial on that issue. *Envtl. Defense Fund v. Marsh,* 651 F.2d 983, 991 (5th Cir. 1991). On the other hand, the nonmovant may not rest on mere allegations or denials, but must set forth, by appropriate summary judgment evidence, specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e). If the record, taken as a whole and with inferences viewed in a light most favorable to the nonmovant, could still not result in a judgment for the nonmovant under governing law, summary judgment is appropriate.

A summary judgment may be based solely on responses to discovery, including deemed admissions. FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322-23; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Boze v. Branstetter*, 912 F.2d 801, 804 (5th Cir.1990). Factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy – that is, when both parties have submitted evidence of contradictory facts." *Laughlin v. Olszewski*, 102 F.3d 190, 193 (5th Cir.1996). The burden of submitting contradictory facts is not met by mere reliance on allegations or denials in the nonmovant's pleadings. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet the burden. *Id.* Instead, the nonmoving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.*; *see also Texas Manufactured Housing Ass'n v. Nederland*, 101 F.3d 1095, 1099 (5th Cir. 1996) (respondent must produce "significant probative evidence" to raise an issue of fact so as to warrant a trial); *Taylor v. Principal Financial Group, Inc.*, 93 F.3d 155, 161 (5th Cir. 1996).

In the absence of proof, the court will not assume that the nonmovant could or would prove the necessary facts. *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *revised on other grounds upon denial of reh'g*, 70 F.3d 26 (5th Cir.1995); *Little*, 37 F.3d at 1075. Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case or defense. *See Little*, 37 F.3d at 1075.

In a section 727(d)(1) revocation of discharge action such as this, the plaintiff's burden is to prove that the debtor's fraud caused the discharge and that the plaintiff lacked knowledge of that fraud prior to the deadline for objecting to discharge. 11 U.S.C. § 727(d)(1);[1] *See In re Damaia*, 217 F.3d 838 (Table) (4th Cir. 2000); *In re Nielsen*, 383 F.3d 922, 925 (9th Cir. 2004) ("obtained through" as used in the statute, is causation language). When the basis is the debtor's failure to disclose the existence of assets, the plaintiff must show that the debtor's actions or mistakes were knowingly and fraudulently made, and that the mistakes were material, and that the plaintiff was unaware of the facts at issue when the debtor sought his discharge. *See In re Slack*, 142 Fed. Appx. 628 (5th Cir. 2005).

**II. Deemed Admissions as Summary Judgment Evidence**

In this case, the plaintiff's summary judgment proof consists of deemed admissions, the result of the defendant's failure to respond to those admissions. Rule 36(a) provides that

---

[1] The statute reads, in pertinent part, as follows:

> On request of the trustee ... and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) [of section 727] if — (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

11 U.S.C. § 727(d)(1).

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree in writing ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

FED. R. CIV. P. 36(a). Each matter for which an admission was sought was separately set out in the plaintiff's requests for admission, as detailed in the motion for summary judgment. Within 30 days of the service of the requests for admission, the defendant (the person to whom the requests were directed) failed to serve on the plaintiff (the party requesting the admissions) either a written answer or a written objection signed by the defendant and addressed to the matter, as required by the rules. The court did not alter the time for the defendant to respond to the requests for admission, and no party filed any pleading asking the court to alter the time to respond. The parties did not have any written agreement to alter the time within which to respond to the requests for admissions. Thus, based upon the plain language of the rule, the requests have been deemed admitted.

Rule 36(b) states that

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. ...

FED. R. CIV. P. 36(b). Matters deemed admitted by virtue of a party's failure to respond to requests for admission may form the basis for rendering summary judgment against that party. *In re Carney*, 258 F.3d 415, 418 (5th Cir. 2001); *U.S. v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992); *see also Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985).

**III. Summary judgment evidence as applied to § 727(d)(1) cause of action**

In this case, the deemed admissions establish that the debtor failed to disclose, either in his schedules or to the trustee, the existence of significant assets, including three parcels of real property and ownership interests in two businesses. The schedules filed by the debtor were thus "false oaths" within the meaning of section 727(a)(4)(A), because schedules are filed under penalty of perjury and these schedules, we now know (as a result of the deemed admissions), were false because they failed to report assets owned by the debtor. These omissions would easily have supported an action for denial of discharge under that provision. *See Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992) (noting that false oaths under section 727(a)(4) include false statements or omissions from schedules and false statements made at a first meeting of creditors); *accord In re Pratt*, 411 F.3d 561, 565 (5th Cir. 2005). The court explained in *Beaubouef*, "the subject matter of a false oath is 'material,' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence or disposition of property." *Beaubouef*, 966 F.2d, at 179 (quoting *In re Chalik*, 748 F.2d 616, 617 (11th Cir. 1984)). The assets described in the plaintiff's requests for admissions easily satisfy this materiality standard.

The fraudulent failure to report property that should have been property of the estate can form the basis for revocation of the debtor's discharge previously granted. 11 U.S.C. § 727(d)(1); *In re Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991); *Matter of Yonikus*, 974 F.2d 901, 904 (7th Cir. 1992). In *Yonikus*, the Seventh Circuit explained that "debtors have an absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or unavailable to the bankruptcy estate." However, the Seventh Circuit went on to explain that, for the trustee to succeed in a discharge revocation action, the trustee must establish that the debtor's failure to report

was done knowingly and fraudulently. *Id.* at 905. The trustee can sustain that burden by demonstrating, *inter alia*, "the debtor's awareness of the omitted asset . . . and that failure to list the asset could seriously mislead the trustee or that the debtor acted so recklessly in not reporting the asset that fraud is implied. . . . [A] finding of fraudulent intent may be based on inferences drawn from a course of conduct . . . [or] from all of the surrounding circumstances." *Id.*; *see also Matter of Reed*, 700 F.2d 986, 991 (5th Cir. 1983) (whole pattern of conduct supported finding of fraudulent intent);[2] *see also In re Damaia*, 217 F.3d 838 (Table) (4th Cir. 2000) (plaintiff must prove lack of knowledge in time to timely object); *In re Nielsen*, 383 F.3d 922, 925 (9th Cir. 2004) ("obtained through" fraud, as used in the statute, is causation language).

The summary judgment evidence before the court in this case, consisting of deemed admissions, adequately establishes that assets were not disclosed. The statute clearly imposes upon the debtor a duty to disclose assets as a matter of law. *See* 11 U.S.C. §§ 521(1), 521(3) (2004). And the case law confirms that failure to disclose assets can form the basis for revocation of discharge, because the nondisclosure can prevent a trustee from even knowing of the assets' existence in time to object to discharge, resulting in the discharge being procured by the debtor's failure to fulfill his duty to disclose. *Matter of Yonikus*, 974 F.2d at 904; *In re Edmonds*, 924 F.2d, at 180; *see also In re Peli*, 31 B.R. 952, 955 (Bankr. E.D.N.Y. 1983).

The court is not yet able to conclude from the summary judgment evidence submitted that

---

[2] The statute reads, in pertinent part, as follows:

> On request of the trustee ... and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) [of section 727] if — (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

11 U.S.C. § 727(d)(1).

the trustee has established, as a matter of summary judgment, the *scienter* required to revoke the debtor's discharge, however. The fraudulent intent must be actual, not constructive, though it can be inferred from surrounding facts and circumstances. *See In re Pratt*, 411 F.3d 562, 565 (5th Cir. 2005); *see also In re Devers*, 759 F.2d 751, 754 (9th Cir. 1985); *Farmers Co-op. Ass'n v. Strunk*, 671 F.2d 391, 395 (10th Cir. 1982) ("Fraudulent intent of course may be established by circumstantial evidence, or by inferences drawn from a course of conduct."). The only summary judgment evidence offered that goes directly to the question of the debtor's intent is the "admission" that the debtor obtained his discharge "through fraud." That is not an admission of fact, however. That is an admission of a legal conclusion. Deemed admissions are binding as to factual matters, but generally not as to legal matters. *See Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3rd Cir. 1992) (Rule 36 authorizes requests for admissions of propositions of law *as applied to fact*); *see also* 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE, § 2255 at 534 (2d ed. 1994) (Rule 36 as amended in 1970 still does not allow a request for admission of a pure matter of law).

The deemed admission regarding the trustee's knowledge of the alleged fraud, though more closely a mixed question of fact and law, similarly falls so closely to the line of legal conclusion (because it is expressly specified in the statute as an element of the plaintiff's cause of action) that this admission too is insufficient to support summary judgment as to this element of the plaintiff's cause of action.[3]

The court similarly is disinclined, without more, to draw inferences solely from the deemed

---

[3] The deemed admissions fail to address, for example, what may or may not have been discussed at the first meeting of creditors, when the trustee examined the debtor regarding his schedules. Nor, of course, do the deemed admissions purport to extract what the debtor's responses to inquiries at the first meeting might have been. Such admissions, had they been obtained, would likely have satisfied this element of the plaintiff's case.

admissions now before the court. Granted, the failure to list *three* parcels of real property, coupled with the failure to list an interest in two businesses, is most troubling. Nonetheless, the "knowing and fraudulent" level of *scienter* is sufficiently rigorous to suggest caution in granting summary judgment at this stage, based solely on such inferences – especially given the court's obligation on summary judgment to be indulgent of the respondent.

## CONCLUSION

The court thus grants partial summary judgment in favor of the trustee on the factual issues established by the deemed admissions. Thus, the summary judgment evidence establishes that the debtor failed to disclose his ownership of various properties and interests in businesses in his bankruptcy schedules and statement of affairs. Further, the summary judgment evidence establishes that these omissions constituted false oaths (because the schedules are filed under penalty of perjury).

What remains for trial is whether the misrepresentations were knowing and fraudulently made, and whether the trustee plaintiff did not know of such fraud until after the deadline for granting a discharge.

An order consistent with this opinion shall be entered separately.

# # #